Filed 4/28/21  P. v. Banks CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NATHAN BANKS, SR.,<br><br>    Defendant and Appellant. | F079203<br><br>(Super. Ct. No. BF109478B)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Defendant and Appellant.

Cynthia J. Zimmer, Kern County District Attorney, and Terrance C. McMahon, Deputy District Attorney, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Smith, Acting P.J., Meehan, J. and Snauffer, J.

Defendant Nathan Banks, Sr., was convicted of special-circumstance murder during the commission of a residential burglary and robbery and sentenced to life without the possibility of parole.[1]  He filed a petition for resentencing, pursuant to Penal Code section 1170.95,[2] based upon the changes to the felony-murder rule and the natural and probable consequences doctrine of aider and abettor liability effectuated by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).  The trial court dismissed his petition, concluding that Senate Bill 1437 was unconstitutional.  On appeal, defendant contends the trial court's decision was error.  The People disagree, but the Attorney General has filed an amicus brief in support of defendant's position.  We agree with defendant.  Accordingly, we reverse the order and remand this matter for further proceedings pursuant to section 1170.95.

## PROCEDURAL SUMMARY

On March 25, 2005, the Kern County District Attorney filed an information charging defendant and a codefendant with conspiracy to commit first degree robbery (§§ 182, subd. (a)(1), 212.5, subd. (a); count 1); murder of Louis Steele (§ 187, subd. (a); count 2) with burglary and robbery special circumstances (§ 190.2, subd. (a)(17)(A), (a)(17)(G)); attempted murder (§§ 187, subd. (a), 664; count 3); first degree robbery (§ 212.5, subd. (a); count 4); and being a felon in possession of a firearm (former § 12021; count 5).  The information further alleged that defendant personally used a firearm (§ 12022.53, subd. (b)) in the commission of counts 1 through 4 and had served two prior prison terms (§ 667.5, subd. (b)).

A jury found defendant guilty on counts 1, 2, 4, and 5, and found all special allegations related to those offenses true.

---

[1]  Defendant was also convicted of other felony offenses for which determinate sentences were imposed.

[2]  All further statutory references are to the Penal Code.

On March 21, 2006, the trial court sentenced defendant as follows:  on count 2, life without the possibility of parole, plus a 10-year firearm enhancement, and a one-year prior prison term enhancement; on count 1, nine years (the upper term), plus a 10-year firearm enhancement; on count 4, nine years (the upper term), plus a 10-year firearm enhancement; and on count 5, three years (the upper term).  The sentence on counts 1, 4, and 5 were stayed pursuant to section 654.

About 13 years later, on February 14, 2019, defendant filed a petition for resentencing pursuant to section 1170.95.  On March 1, 2019, the prosecutor filed a motion to dismiss defendant's petition, arguing that section 1170.95 and other portions of Senate Bill 1437 are unconstitutional.  The trial court granted the prosecutor's motion and dismissed defendant's petition.

On April 25, 2019, defendant filed a notice of appeal.

## DISCUSSION[3]

### Statutory Background

Effective January 1, 2019, Senate Bill 1437 limited accomplice liability under the felony-murder rule[4] and the natural and probable consequences doctrine.[5]  (§§ 188, 189,

_____

[3]    Because defendant raises only legal issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

[4]    Prior to Senate Bill 1437's enactment, " '[t]he felony-murder rule impute[d] the requisite malice for a murder conviction to those who commit[ted] a homicide during the perpetration of a felony inherently dangerous to human life.' "  (*People v. Friend* (2009) 47 Cal.4th 1, 76.)  Prior to Senate Bill 1437's enactment, specifically with respect to felony murder with robbery as the underlying felony, section 189, subdivision (a), stated, "All murder … that is committed in the perpetration of, or attempt to perpetrate, … robbery … is murder of the first degree."

[5]    Prior to Senate Bill 1437's enactment, " ' "[a] person who knowingly aid[ed] and abet[ed] criminal conduct [was] guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commit[ted] [nontarget offense] that [was] a natural and probable consequence of the intended crime." ' "  (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)  " ' "[B]ecause the nontarget offense [was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and

3.

as amended by Stats. 2018, ch. 1015, §§ 2–3; *People v. Cruz* (2020) 46 Cal.App.5th 740, 755; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 246.)  The Legislature's purpose was " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underl[y]ing felony and acted with reckless indifference to human life.' " (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, rev. granted Mar. 18, 2020, S260410.)

"Senate Bill 1437 also [added section 1170.95, which] established a procedure permitting certain qualifying persons who were previously convicted of felony murder or murder under the natural and probable consequences doctrine to petition the courts that sentenced them to vacate their murder convictions and obtain resentencing on any remaining counts." (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 246; § 1170.95, added by Stats. 2018, ch. 1015, § 4.)  Under that procedure, a convicted person is eligible for relief if the following conditions are met:  "(1) A complaint, information, or indictment was filed against the [defendant] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶] (2) The [defendant] was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the [defendant] could be convicted for first degree or second degree murder.  [¶]  (3) The [defendant] could not be convicted

---

culpability [was] imposed simply because a reasonable person could have foreseen the commission of the nontarget crime." ' " (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248 (*Lamoureux*).)

4.

of first or second degree murder because of [the] changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

### Analysis

The People argue that Senate Bill 1437 is unconstitutional because it improperly amended Proposition 7 (the Briggs Initiative) and Proposition 115 (the Crime Victims Justice Reform Act). They further argue that retroactive application of the substantive provisions of Senate Bill 1437, by adding section 1170.95, violated the separation of powers doctrine and improperly amended Proposition 9 (the Victims' Bill of Rights Act of 2008 (Marsy's Law)). Finally, they argue that application of the procedure established in section 1170.95 would violate double jeopardy principles and the Fifth and Sixth Amendments to the United States Constitution.[6]

Our Supreme Court has not addressed the constitutionality of Senate Bill 1437. However, this court considered and rejected the People's arguments on virtually identical briefing. (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [collecting cases].)[7, 8] We

---

[6] The People do not contend that defendant is ineligible for relief under section 1170.95 if Senate Bill 1437 is not unconstitutional.

[7] In *Nash*, one justice dissented from the majority's conclusion with regard to Proposition 7, but otherwise concurred. (*People v. Nash*, *supra*, 52 Cal.App.5th at p. 1084 (conc. & dis. opn. of Poochigian, A.P.J.).)

[8] Courts of appeal have consistently rejected arguments nearly identical to those the People present here. (*People v. Marquez* (2020) 56 Cal.App.5th 40, 44, 46–51 [Prop. 9, separation of powers]; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555, 559–565 [Props. 7, 9, 115]; *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 902 [Props. 7, 115]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594 [same]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [Props. 7, 115; separation of powers]; *People v. Johns* (2020) 50 Cal.App.5th 46, 54–55 [Props. 7, 9, 115; separation of powers]; *People v. Prado* (2020) 49 Cal.App.5th 480, 492 [Props. 7, 115]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91–92 [Prop. 7], rev. granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306 [Props. 7, 115]; *People v. Solis* (2020) 46 Cal.App.5th 762, 784 [same]; *People v. Cruz*, *supra*, 46 Cal.App.5th at p. 747 [same]; *People v. Superior Court* (*Gooden*) (2019)

agree with the analysis of *Nash* and come to the same conclusion. The trial court erred in concluding Senate Bill 1437 is unconstitutional.

## DISPOSITION

The trial court's order dismissing defendant's section 1170.95 petition is reversed and the matter is remanded to the trial court.

---

42 Cal.App.5th 270, 275, 289 [same]; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 246 [Props. 7, 9, 115; separation of powers].)